UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JOE HENRY BANDY,                          Civil File No. 05-1376 (JRT/SRN)

             Petitioner,

    v.                                **AMENDED**
                                          **REPORT AND RECOMMENDATION**
TERRY CARLSON,
Warden of MCF/Moose Lake,

             Respondent.

---

THIS MATTER is before the undersigned United States Magistrate Judge on

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 (Doc. No. 1),

Petitioner's Motion to Amend Petition and to Transfer Petition Pursuant to 28 U.S.C. §

1631 (Doc. No. 10), Petitioner's Motion for Leave to Proceed in Forma Pauperis (Doc.

No. 8), and Petitioner's Motion to Vacate (Doc. No. 3).  The matter has been referred to

this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local

Rule 72.1.  For the reasons discussed below, the Court recommends that Petitioner's

habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule

4 of The Rules Governing Section 2254 Cases In The United States District Courts[1] and

that the remainder of the motions be denied.  This Amended Report and

Recommendation supercedes and replaces the one issued July 12, 2005 (Doc. No. 7).

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. § 2254 app. (West 2006) (effective Feb. 1, 1977, Act of Sept. 28, 1976, Pub. L. No. 94-426, 90 Stat. 1334, and as amended thereafter).

## I. BACKGROUND

Petitioner is challenging his 1999 Minnesota state court convictions and sentence for criminal sexual conduct and another related offense.  He filed an earlier habeas corpus petition in this District challenging the same conviction and sentence.  <u>Bandy v. Stender</u>, Civil No. 00-2779 (JRT/SRN) (hereafter "<u>Bandy I</u>").  The claims raised in that earlier petition were fully considered and adjudicated <u>with prejudice</u>, and the case was dismissed by order of the Honorable District Court Judge John R. Tunheim.  Petitioner sought appellate review of his petition in <u>Bandy I</u>, but neither the District Court nor the Court of Appeals granted him a Certificate of Appealability.  <u>See</u> 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

For the reasons discussed below, the Court finds that Petitioner's current application for habeas corpus review is a "successive petition," which cannot be entertained at this time.

## II. DISCUSSION

### A.      <u>Petitioner's Application for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 (Doc. No. 1)</u>

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which effected significant changes in the federal habeas corpus statutes.  One of those changes appears at 28 U.S.C. § 2244(b), which establishes new rules governing second and successive petitions.[2]  Under these new

---

[2]  28 U.S.C. § 2244(b) now provides as follows:

**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

rules, a district court cannot entertain a second or successive application for habeas

corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization

---

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

3

from the appropriate court of appeals allowing him to file another petition.  28 U.S.C. §

2244(b)(3)(A).   See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must

receive authorization from the Court of Appeals in order for a district court to consider a

second or successive application for habeas corpus relief).

It plainly appears that the petition now before this Court is Petitioner's second

application for federal habeas corpus review of his 1999 state criminal convictions and

sentence.  Because the first such application, (Bandy I), was dismissed with prejudice,

the Court finds that the present action must be viewed as a "second or successive

petition" for purposes of § 2244(b).  As such, the present action cannot be entertained

without pre-authorization from the Eighth Circuit Court of Appeals.  Because Petitioner

has not shown that he has obtained such pre-authorization, his current petition must be

dismissed for lack of jurisdiction.  Nunez v. United States, 96 F.3d 990, 991 (7th Cir.

1996); Chadwick v. Graves, 110 F. Supp. 2d 1110, 1114, (N.D. Iowa 2000); Wainright v.

Norris, 958 F. Supp. 426, 431-32 (E.D. Ark. 1996).

The Court recommends dismissal of this action without prejudice, so that

Petitioner can resubmit his habeas claims in a new action, if he is able to secure a pre-

authorization order from the Court of Appeals as required by § 2244(b)(3)(A).

**B.    Petitioner's Motion to Amend Petition and to Transfer Petition
Pursuant to 28 U.S.C. § 1631 (Doc. No. 10)**

There is some case law suggesting that an action barred by § 2244(b)(3)(A)

should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631,

rather than be simply dismissed.  See e.g., Liriano v. United States, 95 F.3d 119, 122-

23 (2d Cir. 1996) (per curiam); Coleman v. United States, 106 F.3d 339, 341 (10th Cir.

4

1997) (per curiam); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).  It is not advisable, however, to follow that approach here.  The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2).  Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of Appeals could not—on the basis of the existing record—grant the pre-authorization that Petitioner needs.  28 U.S.C. § 2244(b)(3)(C).  It therefore makes more sense to dismiss the present action and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3).  That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file a second habeas corpus petition in this District.  Therefore, the Court recommends denying Petitioner's Motion to Amend Petition and to Transfer Petition Pursuant to 28 U.S.C. § 1631 (Doc. No. 10).

Petitioner should note that this District Court will not entertain any future habeas petition pertaining to his 1999 state criminal conviction and sentence, unless such petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals.[3]

---

[3] Because the Court presently lacks jurisdiction in this matter based on the rules governing successive petitions, the timeliness of the instant petition will not be addressed here.  It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (see 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.

### C.   Petitioner's Motion for Leave to Proceed in Forma Pauperis (Doc. No. 8)

In light of the Court's recommendation that this action be summarily dismissed, it will be further recommended that Petitioner's application to proceed in forma pauperis be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n.3 (8th Cir. 1996) (per curiam) (noting that an in forma pauperis application should be denied where habeas petition cannot be entertained).

### D.   Petitioner's Motion to Vacate (Doc. No. 3)

Finally, Petitioner, in a motion captioned Joe Henry Bandy III v. Judge P. Albrecht, State of Minnesota, seeks to vacate, pursuant to Federal Rule of Civil Procedure 60(b), a final judgment entered on March 17, 2005.  (Doc. No. 3.)  The present action was not filed until July 11, 2005, so the judgment sought to be vacated must be in some other case.  (See Doc. No. 1.)  It is not clear from the caption or content of the motion what judgment was entered on March 17, 2005, in what case, or whether that case was a civil or criminal action.  The Court has reviewed all of the documents filed in this case and those filed in his earlier habeas petition and can find no reference to any judgment issued on March 17, 2005.  Petitioner's motion, although filed in this case on July 12, 2005, is dated June 27, 2005 and appears to be an effort to vacate his criminal conviction based upon alleged ineffective assistance of counsel and alleged fraud on the part of the trial judge presiding over his criminal conviction.  (Doc. No. 3.)  The Court finds that Petitioner's Motion to Vacate (Doc. No. 3) is not properly before the Court and, in any case, the Court finds it could not afford relief to Petitioner even if the motion were properly before the Court.  Therefore, the Court recommends

denying Petitioner's Motion to Vacate (Doc. No. 3.)

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be

**DENIED**;

2.  Petitioner's Motion to Vacate (Doc. No. 3) be **DENIED**;

3.  Petitioner's Motion for Leave to Proceed in Forma Pauperis (Doc. No. 8)

be **DENIED**;

4.  Petitioner's Motion to Amend Petition and to Transfer Petition Pursuant to

28 U.S.C. § 1631 (Doc. No. 10) be **DENIED**; and

5.  This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE**.


Dated: January 24, 2006

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 10, 2006,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.