UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JOE HENRY BANDY, III,                              Civil No. 05-1376 (JRT/SRN)

                Petitioner,

v.                                                                    **ORDER**

TERRY CARLSON,
Warden of MCF/Moose Lake,

                Respondent.

---

    Joseph H. Bandy, III, #125257, Minnesota Correctional Facility, 7525 Fourth Avenue, Lino Lakes, MN 55014, *pro se* petitioner.

    Thomas R. Ragatz, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101-2134, for respondent.

**BACKGROUND**

Petitioner Joe Henry Bandy ("Bandy"), a prisoner incarcerated in the Minnesota Correctional Facility in Lino Lakes, Minnesota, is challenging his 1999 Minnesota state court convictions and sentence for criminal sexual conduct and another related offense. He filed an earlier habeas corpus petition in this District challenging the same conviction and sentence. *Bandy v. Stender*, Civil No. 00-2779 (JRT/SRN) (hereafter '*Bandy I*'). The claims raised in that earlier petition were fully considered and adjudicated with prejudice, and the case was dismissed by order of this Court. Bandy sought appellate

review of his petition in *Bandy I*, but neither the District Court nor the Court of Appeals granted him a Certificate of Appealability.  See 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

Bandy filed the instant petition ("the second petition") on July 11, 2005, again challenging his 1999 sentence and conviction.  In a report and recommendation dated January 24, 2006, United States Magistrate Judge Susan R. Nelson recommended denying Bandy's petition for writ of habeas corpus and dismissing the case without prejudice.

The report and recommendation stated that Bandy had until February 10, 2006, to file and serve an objection.  Bandy did not file an objection, and in an Order dated February 13, 2006, the Court adopted the report and recommendation and dismissed the second petition.  Bandy has since filed an objection to the report and recommendation and a motion to reconsider pursuant to Rule 60.[1]

## ANALYSIS

Under 28 U.S.C. § 2244(b)(3)(A), a district court cannot entertain a second or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition.  See *Cox v. Norris*, 167 F.3d 1211, 1212 (8th Cir. 1999).  If a petitioner fails to obtain authorization before filing another petition, the court must dismiss the petition for lack of jurisdiction.  See *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *Chadwick v. Graves*, 110 F. Supp. 2d 1110, 1114 (N.D. Iowa 2000).

---

[1] Although the objection was not timely filed, it raises the same arguments as petitioner's motion to reconsider, and the Court's analysis applies equally to both.

In its February 13, 2006 Order, the Court determined that the second petition was a "second or successive" petition under § 2244, and that Bandy had failed to receive the requisite authorization from the Eighth Circuit to file the petition. Therefore, the Court dismissed Bandy's petition under 28 U.S.C. § 2244(b)(3)(A).

In his objection and in his motion to reconsider, Bandy argues that the Court erred in dismissing his first habeas petition. Bandy does not dispute this Court's determination that the instant petition is his second application for federal habeas corpus review of his 1999 state criminal convictions and sentence, nor does he claim that he sought or obtained authorization to file this petition from the Eighth Circuit Court of Appeals.

The Court addressed and dismissed Bandy's first habeas petition on the merits, and Bandy raises no new arguments here. Moreover, the Court finds that it correctly dismissed Bandy's second petition because he failed to receive the requisite pre-authorization. Bandy has not demonstrated or alleged any grounds for relief relating to the Court's February 13, 2006 Order. Therefore, the Court denies relief.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion for reconsideration [Docket No. 15] is **DENIED**; and

2. Petitioner's objection [Docket No. 13] is **OVERRULED**.

- 4 -

The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff at the following address: Joseph Bandy, III, #125257, Minnesota Correctional Facility, 7525 Fourth Avenue, Lino Lakes, MN 55014.

DATED: June 22, 2006            s/ John R. Tunheim _
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
           United States District Judge