# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

JOE HENRY BANDY, III,                              Civil No. 05-1376 (JRT/SRN)

                          Petitioner,

v.                                                                    **ORDER**

TERRY CARLSON,
Warden of MCF/Moose Lake,

                          Respondent.

---

Joseph H. Bandy, III, #125257, Minnesota Correctional Facility, 7525 Fourth Avenue, Lino Lakes, MN  55014, *pro se* petitioner.

Thomas R. Ragatz, Assistant Attorney General, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101-2134, for respondent.

Petitioner Joe Henry Bandy ("Bandy"), a prisoner incarcerated in the Minnesota Correctional Facility in Lino Lakes, Minnesota, seeks a certificate of appealability related to his challenge of his 1999 Minnesota state court convictions and sentence for criminal sexual conduct and another related offense, and also seeks leave to proceed in forma pauperis on appeal.  As explained below, the Court grants in part and denies in part the motions.

## BACKGROUND

Bandy filed an earlier habeas corpus petition in this District challenging his 1999 conviction and sentence. *Bandy v. Stender*, Civil No. 00-2779 (JRT/SRN) (hereafter "*Bandy I*"). The claims raised in that earlier petition were fully considered and adjudicated with prejudice, and the case was dismissed by order of this Court. Bandy sought appellate review of his petition in *Bandy I*, but neither the District Court nor the Court of Appeals granted him a Certificate of Appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

Bandy filed a second petition on July 11, 2005, again challenging his 1999 sentence and conviction. In an Order dated February 13, 2006, the Court determined that the second petition was a "second or successive" petition under § 2244, and that Bandy had failed to receive the requisite authorization from the Eighth Circuit to file the petition. Therefore, the Court dismissed Bandy's petition under 28 U.S.C. § 2244(b)(3)(A). Bandy filed a motion to reconsider pursuant to Rule 60, which the Court also denied, finding that it had correctly dismissed Bandy's second petition because he failed to receive the requisite pre-authorization.

## ANALYSIS

### I.    Certificate of Appealability

Bandy now seeks a certificate of appealability related to this Court's denial of his second petition for habeas relief. For purposes of appeal under 28 U.S.C. § 2253, the Court finds that it is unlikely that some other court would decide the issues raised in this

petition differently. For this reason, the Court concludes that Bandy has failed to make the required substantial showing of a denial of a constitutional right, and the Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997).

## II.    Motion for Leave to Proceed In Forma Pauperis

Bandy also seeks leave to proceed in forma pauperis ("IFP") on appeal.   To qualify for IFP status on appeal, a party must submit financial information demonstrating that he or she is indigent.   Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1).   Even if the party is found to be indigent, however, IFP status will be denied if the court finds that his or her appeal is not taken in "good faith."   28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).   Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant.   *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).   To determine whether an appeal is taken in good faith, the court must decide whether the claims to be decided on appeal are factually or legally frivolous.   *Id.*   An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In this case, Bandy's IFP application shows that he receives a small "allowance" from his family that covers the expenses of prison life, but he has no other income or assets at this time.   Based on the representations made in the IFP application, the Court finds that Bandy is financially eligible for IFP status.

Although the Court remains fully satisfied that petitioner's habeas corpus petition was properly denied, his appeal is not deemed to be "frivolous," as that term has been

defined by the Supreme Court.  Therefore, Bandy's appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion for a certificate of appealability [Docket No. 18] is **DENIED**; and

2. Petitioner's motion for leave to proceed in forma pauperis [Docket No. 20] is **GRANTED**.

The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff at the following address:  Joseph Bandy, III, #125257, Minnesota Correctional Facility, 7525 Fourth Avenue, Lino Lakes, MN  55014.

DATED:: August 25, 2006
at Minneapolis, Minnesota.

                             s/John R. Tunheim
                             JOHN R. TUNHEIM
                       United States District Judge