UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joe Henry Bandy III, | Civil No. 05-1376 (JRT/SRN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Terry Carlson, Warden of MCF/Moose Lake, | |
| Respondent. | |

Joe Henry Bandy III, pro se

Thomas R. Ragatz, for Respondent

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter comes before the undersigned United States Magistrate Judge on Petitioner Joe Henry Bandy III's Motion for Relief from Judgment Pursuant to Rule 60(b) (Doc. No. 31). This case has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the motion be denied.

**I.     BACKGROUND**

On July 11, 2005, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1999 Minnesota state court convictions and sentence for criminal sexual conduct and a related offense. On January 24, 2006, this Court recommended that the petition be summarily dismissed for lack of jurisdiction because Petitioner had filed an earlier habeas petition challenging the same convictions and sentence, which was fully adjudicated on the merits and dismissed with prejudice, and Petitioner had not received permission to file a

successive petition. The District Court adopted the recommendation of this Court on February 13, 2006, and again on reconsideration on June 22, 2006. Judgment was entered in this case on August 28, 2006.

Petitioner appealed the dismissal to the Eighth Circuit Court of Appeals, which denied Petitioner a certificate of appealability and dismissed the appeal. The Eighth Circuit also denied Petitioner's request to file a second or successive habeas petition.

On July 24, 2007, Petitioner filed the instant motion pursuant to Rule 60(b). For the most part, the motion does not challenge the judgment entered in this case. Four of the five grounds for relief relate solely to the 1999 state court judgment.[1] (Doc. Nos. 31, 32.) In a letter accompanying the Rule 60(b) motion, Petitioner stated, "This motion is a direct attack on my 1999 criminal conviction County Attorney 98-5448." (Doc. No. 29.) The fifth basis for the Rule 60(b) motion, however, asserts that the District Court improperly determined that Petitioner failed to exhaust his state court remedies. (Doc. No. 32.)

## II. DISCUSSION

Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a

---

[1] These four grounds are: (1) Petitioner's arrest was a mere pretext to search his car; (2) the state district court lacked jurisdiction over the charge of third degree criminal sexual conduct; (3) Petitioner received multiple sentences in violation of Minnesota law and the United States Constitution; and (4) crimes involving multiple victims were improperly combined in determining Petitioner's sentence. (Doc. Nos. 31, 32.)

> prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

In the present case, Petitioner's request for relief under Rule 60(b) is inappropriate because he is not seeking relief from a judgment of this Court. In Petitioner's own words, the "motion is a direct attack on my 1999 criminal conviction County Attorney 98-5448." (Doc. No. 29.) Except in limited circumstances, which are not present here, Rule 60(b) permits relief by a court only with respect to a judgment rendered by that court. 11 Charles A. Wright, et al., Federal Practice and Procedure § 2865. If a Rule 60(b) motion seeks relief from a state court judgment, as Petitioner's motion does, it is not a true Rule 60(b) motion, but a successive application for habeas relief. Tyler v. Purkett, 413 F.3d 696, 700 & n.7 (8th Cir. 2005) (citations omitted); Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006); cf. Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (stating that a "true" Rule 60(b) motion is one that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."). Not only has Petitioner failed to obtain permission to file a successive habeas petition, but it is now the law of the case that Petitioner cannot bring a successive habeas petition on his state court convictions and sentence.

Finally, even giving Petitioner's motion the most liberal construction possible, Petitioner is not entitled to relief under Rule 60(b). As to the first four grounds, Petitioner has not alleged that the District Court's decision was mistaken, inadvertent, surprising, or due to excusable neglect. Petitioner has not produced newly discovered evidence or evidence of fraud,

3

misrepresentation, or misconduct by an adverse party. He has not shown the judgment to be void, satisfied, released, or discharged, or that a prior judgment was reversed or vacated. He has not identified any reason whatsoever justifying relief from the judgment.

As to the fifth ground for relief, Petitioner's motion could be read to assert that the District Court was mistaken in finding that Petitioner had not exhausted all state court remedies. However, the District Court made no such finding in this case. Petitioner's case was not dismissed for failure to exhaust his claims, but because he failed to obtain authorization to file a successive habeas application. Petitioner's fifth claim is accordingly without merit.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Joe Henry Bandy III's Motion for Relief from Judgment Pursuant to Rule 60(b) (Doc. No. 31) be **DENIED**.

Dated: November 1, 2007

s/ Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties byNovember 16, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.