UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOE HENRY BANDY, III,                                  Civil No. 05-1376 (JRT/SRN)

            Petitioner,

v.                                                     **ORDER ADOPTING REPORT AND RECOMMENDATION**

TERRY CARLSON, Warden of
MCF/Moose Lake,

            Respondent.

    Joe Henry Bandy, III, #125257, Minnesota Correctional Facility, 7525 Fourth Avenue, Lino Lakes, MN 55014, *pro se* petitioner.

    Thomas R. Ragatz, **RAMSEY COUNTY ATTORNEY'S OFFICE**, 50 West Kellogg Boulevard, Suite 315, Saint Paul, MN 55102, for respondent.

    This matter is before the Court on petitioner's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  In a Report and Recommendation dated November 1, 2007, United States Magistrate Judge Susan R. Nelson recommended that this Court deny petitioner's motion.  Petitioner filed objections to the Report and Recommendation.[1]  The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b).

---

[1] Petitioner filed a request for an extension of time to file objections to the Report and Recommendation, arguing that he needed additional time because he received the Report and Recommendation one week after it was filed.  Petitioner filed his objections before this Court had an opportunity to rule on the request for extension of time.  The Court finds petitioner has shown good cause for an extension of time and grants the request (Docket No. 34).

For the reasons discussed below, the Court adopts the Report and Recommendation and denies petitioner's motion.

**BACKGROUND**

Petitioner was convicted and sentenced in 1999 in Minnesota state court for third degree criminal sexual conduct and another related offense. In December 2000, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court denied the petition on its merits and dismissed the action with prejudice in an order dated January 30, 2002. Petitioner filed a second petition in the instant action on July 11, 2005, which this Court denied as a "second or successive" petition made without the requisite authorization by the Eighth Circuit under 28 U.S.C. § 2244(b)(3)(A). The Eighth Circuit subsequently denied petitioner a certificate of appealability and dismissed petitioner's appeal.

Petitioner has now filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner asserts five grounds for relief in support of his motion, four of which relate to the state court proceedings from 1999.[2] The fifth ground for relief asserts that this Court improperly determined that petitioner's claims were procedurally defaulted in denying petitioner's habeas petition in 2002.

---

[2] Petitioner argues 1) that his arrest was a mere pretext to search his car, 2) that the state district court lacked jurisdiction over the charge of third degree criminal sexual conduct, 3) that he received multiple sentences in violation of Minnesota law and the United States Constitution, and 4) that crimes involving multiple victims were improperly combined in determining petitioner's sentence.

Petitioner's Rule 60(b) motion included a letter stating that "[t]his motion is a direct attack on my 1999 criminal conviction County Attorney 98-5448." (Docket No. 29.)

## ANALYSIS

**I.     PETITIONER'S RULE 60(b) MOTION**

Under Federal Rule of Civil Procedure 60(b), a party may move to set aside a final judgment or order on the basis of mistake, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b). A party may also seek relief under Rule 60(b) if the judgment is void or has been satisfied, released, or discharged. *Id.* A motion under Rule 60(b) that attempts to "resurrect the denial" of earlier habeas petitions by asserting or reasserting claims with respect to a state conviction should be construed as a second or successive habeas petition. *Tyler v. Purkett*, 413 F.3d 696, 700-01 (8th Cir. 2005) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Thus, a Rule 60(b) motion asserted without the requisite authorization from the Court of Appeals[3] is barred as a successive petition if it "attacks the federal court's previous resolution of a claim on the merits." *Crosby*, 545 U.S. at 531-32.

Resolution "on the merits" refers to a federal court's "determination that there exist or do not exist grounds entitling a petitioner to habeas relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4. A petition is considered successive even if it purports to raise new claims not raised in the initial habeas proceeding. *Corrao v. United*

---

[3] Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

*States*, 152 F.3d 188, 191 (2d Cir. 1998). However, a Rule 60(b) motion is not barred as a successive habeas petition if it challenges some defect in the integrity of the federal habeas proceedings. *Id.* at 532.

The Court finds that petitioner's Rule 60(b) motion is a successive habeas petition requiring authorization from the Eighth Circuit. This Court fully considered and ultimately dismissed with prejudice petitioner's initial habeas petition, either because the claims presented were procedurally defaulted or because they failed on their merits. *See Bandy v. Stender*, Civil No. 00-2779 (JRT/SRN). The Court's prior dismissal of the habeas petition was thus an adjudication "on the merits," triggering the AEDPA's authorization requirement for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b)(3)(A). *See Shaw v. Delo*, 971 F.2d 181, 184 (8th Cir. 1992); *Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002). Petitioner's Rule 60(b) motion once again challenges his state court conviction and sentence, as well as this Court's previous denial of his claims. As such, petitioner's motion attacks this Court's prior resolution of his habeas claims on the merits, but it fails to allege any defect in the integrity of the earlier habeas proceedings. *See Crosby*, 545 U.S. at 532. The Court therefore construes petitioner's motion as a second or successive habeas petition under the AEDPA.

As a successive petition, the AEDPA requires petitioner to obtain authorization from the Eighth Circuit prior to filing his motion with the Court. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not sought authorization from the Eighth Circuit for the present motion. Indeed, this Court already denied an attempt by the petitioner to file a second habeas corpus petition in this case without authorization from the Eighth Circuit.

The Eighth Circuit subsequently denied petitioner a certificate of appealability and dismissed his appeal, making authorization unlikely for the present motion. As such, the Court finds that dismissal of petitioner's Rule 60(b) motion is appropriate in this case. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that a district court construing a Rule 60(b) motion as a successive habeas petition may either dismiss the motion or transfer it to the Court of Appeals).

## II. CERTIFICATE OF APPEALABILITY[4]

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds it unlikely that another court would decide the issues raised in petitioner's Rule 60(b) motion differently. The Court therefore concludes that petitioner has failed to make the required substantial showing of the denial of a constitutional right and denies a certificate of appealability.

**ORDER**

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 35] and **ADOPTS** the Magistrate

---

[4] The Court addresses whether a certificate of appealability should be granted based on its determination that petitioner's Rule 60(b) motion is a petition for writ of habeas corpus. *See, e.g.*, *Vancleave v. Norris*, 150 F.3d 926, 927 (8th Cir. 1998).

Judge's Report and Recommendation dated November 1, 2007 [Docket No. 33].  **IT IS HEREBY ORDERED** that:

    1.    Petitioner's Request for Extension of Time to File [Docket No. 34] is **GRANTED**.

    2.    Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) [Docket No. 31] is **DENIED**.

    3.    For purposes of appeal, the Court does not grant petitioner a certificate of appealability under 28 U.S.C. § 2253(c)(2).


DATED:  March 12, 2008                        s/ John R. Tunheim
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                    United States District Judge